

1  **ROBERT MANN**, CSB 48293
   **DONALD W. COOK**, CSB 116666
2  ATTORNEYS AT LAW
   3435 Wilshire Blvd., Suite 2910
3  Los Angeles, CA  90010
   (213) 252-9444; (213) 252-0091 facsimile
4  E-mail: manncook@earthlink.net

5  Attorneys for Plaintiff

6

7

8              **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10                    EDCV13-0616 JGB(SPx)

11  MARIO ALBERTO GARCIA,                  Case No.
    individually and as class representative,
12                                         **CLASS ACTION
13                Plaintiff,               COMPLAINT FOR
                                           DAMAGES**
14  vs.
                                           1. 42 U.S.C. § 1983 - Fourth
15  COUNTY OF RIVERSIDE; RIVERSIDE         Amendment / Lack of
    SHERIFF'S DEPARTMENT; COUNTY           Particularity;
16  OF LOS ANGELES; LOS ANGELES            2. 42 U.S.C. § 1983 - Fourth
    COUNTY SHERIFF'S DEPARTMENT;           Amendment / Wrongful
17  LEE BACA, in both his personal and     Incarceration;
    individual capacity; and DOES 1 through 3. 42 U.S.C. § 1983 - Fourteenth
18  10, both their personal and official   Amendment / Wrongful
    capacities,                           Incarceration;
19                                         4. Cal. Const. Art. I § 13 -
                                           Wrongful Incarceration - LASD /
20                Defendants.              LA County
                                           5. False Imprisonment - LASD /
21                                         LA County;
                                           6. 42 U.S.C. § 1983 - Wrongful
22                                         Incarceration - RCSD / Riverside
                                           County;
23                                         7. Cal. Const. Art. I § 13 -
                                           Wrongful Incarceration - RCSD /
24                                         Riverside County
                                           8. False Imprisonment - RCSD /
25                                         Riverside County
26

27                                         **DEMAND FOR JURY TRIAL**

28

                              -1-                                00085919.WPD

1

# TABLE OF CONTENTS

Page

2

3

I.      OVERVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4

II.     JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5

III.    PARTIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

6

        A.      Plaintiff. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
7               B.      Defendants. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

8

IV.     FACTS COMMON TO ALL CLAIMS. . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

9

        A. Biometric Identifiers Matched To Fingerprints. . . . . . . . . . . . . . . . . . 3
10              CII numbers . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
                FBI numbers. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
11              LA Main numbers. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
        B. Livescan. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
12      C. Warrant Databases. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
        D. CWS (County Warrant System). . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
13      E. WPS (Wanted Person System). . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
        F. Criminal Histories. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
14

15

V.      CLASS ACTION ALLEGATIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

16

VI.     FACTS RE PLAINTIFF'S ARREST/INCARCERATION.  . . . . . . . . . . . . . 14

17

FIRST CAUSE OF ACTION
18      (42 U.S.C. § 1983 – Damages – Fourth Amendment Particularity) . . . . . . . . 20

19

SECOND CAUSE OF ACTION
20      (42 U.S.C. § 1983 – Wrongful Incarceration/Fourth Amendment) . . . . . . . . 21

21      THIRD CAUSE OF ACTION
        (42 U.S.C. § 1983 – Wrongful Incarceration/Fourteenth Amendment) . . . . . . 21
22

FOURTH CAUSE OF ACTION
23      (Cal. Const., Art. I § 13 – Wrongful Incarceration) . . . . . . . . . . . . . . . . . . . . 22

24      FIFTH CAUSE OF ACTION
        (False Imprisonment)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
25

SIXTH CAUSE OF ACTION
26      (42 U.S.C. § 1983 – Wrongful Incarceration)  . . . . . . . . . . . . . . . . . . . . . . . 23

27      SEVENTH CAUSE OF ACTION
        (Cal. Const., Art. I § 13 – Wrongful Incarceration) . . . . . . . . . . . . . . . . . . . . 24
28

EIGHTH CAUSE OF ACTION
    (False Imprisonment) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

    On the First through Fifth Causes of Action . . . . . . . . . . . . . . . . . . . . . . . . 25
    On the Sixth through Eighth Causes of Action . . . . . . . . . . . . . . . . . . . . . . 25
    On All Causes of Action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

DEMAND FOR JURY TRIAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

00085919.WPD

# I.     OVERVIEW.

1. This action concerns the refusal of local criminal justice agencies to utilize readily available information and existing identification systems to accurately identify the subjects of warrants issued by the Los Angeles Superior Court, and to institute simple, common-sense processes to insure that when a warrant issues, it identities its subject by the unique identifiers law enforcement created years ago to address the problem of different persons sharing the same and/or similar names, birthdates, physical descriptors, and the problems of persons using aliases, stealing others identities, etc. Related to this are the agencies' indifference to instances where the same person is repeatedly arrested on a warrant meant for another, an indifference that manifests itself by the agencies' refusal to do anything to prevent the person's re-arrest on the same warrant notwithstanding the agencies' knowledge, beforehand, that the person is *not* the warrant's subject.

2. As a result, persons who are not the subject of warrants are not only arrested on warrants meant for others, but can and are arrested again and again on the same warrants. Moreover, whenever someone is arrested on a warrant, the warrant is removed from the various data systems law enforcement uses to check for outstanding warrants. So if the *wrong* person is arrested on the warrant, the warrant's intended subject will no longer face arrest on the warrant. In other words, criminals get a free pass.

3. Plaintiff presents federal claims for relief that arise under 42 U.S.C. § 1983, and supplemental state law claims actionable under the California constitution and false imprisonment. Plaintiff also seeks certification of Plaintiff's damages class against certain Defendants.

///

///

-1-

00085919.WPD

## II.   JURISDICTION.

4. Plaintiff's claims arise under 42 U.S.C. §1983. Accordingly, federal jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

5. Plaintiff's claims arise out of, *inter alia*, acts of the County of Riverside ("Riverside County"), Riverside County Sheriff's Department ("RCSD"), County of Los Angeles ("LA County") and the Los Angeles Sheriff's Department ("LASD"). Accordingly, venue is proper within the Central District of California.

## III.   PARTIES.

### A.   Plaintiff.

6. Plaintiff Mario Alberto Garcia is, and was at all times relevant hereto, a resident of the County of Riverside.

### B.   Defendants.

7. Defendant County of Riverside ("Riverside County") is a local governmental entity organized and existing under the laws of the State of California. Defendant Riverside County Sheriff's Department ("RCSD") is a public entity within the meaning of California law, and is a Riverside County agency.

8. Defendant County of Los Angeles ("LA County") is a local governmental entity organized and existing under the laws of the State of California. Defendant LASD is a public entity within the meaning of California law, and is a LA County agency.

9. Defendant Lee Baca ("Baca") is an individual and the Sheriff of LA County. As such, he is the chief policymaker for defendant LASD and is responsible for overseeing and implementing policies and practices followed by personnel in the LASD Data Systems Bureau. Baca is sued in both his individual and official capacities.

10. Plaintiff is ignorant of the true names and capacities of defendants sued herein

as DOES, and therefore sues these defendants by fictitious names. Plaintiff will give notice of their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that defendant DOES are responsible in some manner for the damages and injuries hereinafter complained of.

11. The complained of acts and omissions were performed by persons within the course and scope of employment with their respective employers, Riverside County, RCSD, LA County, LASD. All acts and omissions were under color of state law.

12. For purposes of all state law claims, Plaintiff timely filed with LA County and Riverside County a claim for damages pursuant to Cal. Gov't Code § 910. These entities have denied the claim and this lawsuit is commenced within six months of the denial.

## IV.   FACTS COMMON TO ALL CLAIMS.

### A. Biometric Identifiers Matched To Fingerprints.

13. Years ago, law enforcement developed means to reliably identify a person to the exclusion of others who share the same or similar names, birthdates, physical characteristics, and the like. One such means was the assignment of an unique numerical identifier to a person matched to the person's fingerprints. Three such biometric identifiers are described below:

A. *CII numbers.* The California Department of Justice ("CDOJ") assigns a unique identifying number to every person booked into a California jail. This number, called a "CII number," is matched to the arrestee's fingerprints. Unless previously created, a CII number is generated upon a person's booking into any California jail; thereafter, the same CII number is used for every subsequent booking of that arrestee. CDOJ will record all subsequent bookings of that person under the same CII number even if the person uses different names, birthdates, social security numbers, driver's license numbers etc. CDOJ can do so because a

-3-

CII number is matched to the arrestee's fingerprints which, of course, are unique and unchanging. CII numbers are also assigned to persons who, for reasons of employment, must be fingerprinted and those prints reported to the CDOJ. For instance, all California lawyers, judges and police officers have CII numbers.

B. A major use of CII number is for generating its subject's criminal history, or "rap sheet," as maintained by the CDOJ. *People v. Martinez*, 22 Cal.4th 106, 121, 131 (2000) (example of how CII number was used to obtain a person's criminal history). The criminal history will reflect the subject's known full name, aliases, birthdate, residential addresses, the subject's unique identifiers, such as social security, driver's license and FBI number (described below), along with the subject's arrest, prosecution and conviction history, including sentences to custody in county jail or state prison.

C. *FBI numbers.* An FBI number is essentially the same as a CII number only at the national level. The FBI assigns a criminal record, a unique number, to an individual whose arrest is reported to the FBI. Plaintiffs are informed and believe and based thereon alleges that anyone convicted in California of a felony, has the fact of that conviction (date, charge, sentence, etc.) reported to the FBI. The FBI, plaintiffs are informed, tracks all felony convictions from any jurisdiction within the United States under a person's unique FBI number.

D. *LA Main numbers.* An LA Main number functions like a CII number, except that the LA Main number tracks only Los Angeles County bookings, prosecutions, convictions. As with CII numbers, LA Main numbers are supposed to be unique to an individual, based on the person's fingerprints. So no two persons should share the same LA Main number, just as no two persons should share the same CII number.

14. Plaintiff is informed and believes and based thereon allege that a set of fingerprints is a more unique biometric identifier than DNA. That is, while identical twins share the same DNA profile, the twins will nevertheless have non-matching fingerprints.

15. Plaintiff is informed and believes and based thereon allege that law enforcement considers biometric identifiers like CII, FBI and LA Main numbers, to be far more reliable for identification purposes than matching name(s), birth date(s), and non-unique physical descriptors (sex, ethnicity, hair/eye color, etc.). Plaintiff is informed and believes and based thereon alleges that if law enforcement personnel observe that two different warrants identify their respective subjects by the same CII number, law enforcement will consider the two warrants to refer to the *same* person even though the warrants' other identifiers (names, birth dates and non-unique physical descriptors) do not match.

16. Plaintiff is informed and based thereon alleges that the facts stated above are well known to those in the law enforcement community. Law enforcement officials also know that CII, FBI and LA Main numbers are proxies for fingerprints. Hence, absent an breakdown or error in the system, two different CII numbers (or FBI numbers or LA Main numbers) means two different people.

**B. Livescan.**

17. Plaintiff is informed and believe that within a matter of a few minutes during the course of booking someone into jail, law enforcement agencies, including defendants herein, obtain a person's identification information and biometric identifiers. Law enforcement does so using a process called *Livescan*. When an arrestee is booked into a California jail, in lieu of manually "rolling" prints the jailer takes an electronic image of the arrestee's fingerprints. The arrestee's fingers are placed on an imaging machine's glass plate; the image is then transmitted electronically to the CDOJ. Within a few

00085919.WPD

minutes the CDOJ responds in one of two ways. If the arrestee's prints are already on file, the arrestee's CII number and associated identifiers, along with the arrestee's criminal history if requested, are sent to the arresting agency; if no match is made with existing fingerprints, the CDOJ assigns a newly created CII number and so informs the arresting agency.

## C. Warrant Databases.

18. Plaintiff is informed and believes and based thereon alleges that law enforcement uses local, state and national law enforcement databases to check for outstanding warrants on persons the police detained. These law enforcement warrant databases are designed to capture, if known, the warrant subject's CII, FBI and LA Main numbers. The CDOJ instructs California law enforcement agencies to include, if known, the warrant subject's CII, FBI and LA Main numbers. The databases are also designed to record information about persons wrongly arrested on warrants meant for another, and the CDOJ instructs California law enforcement agencies to record such information into the database.

## D. CWS (County Warrant System).

19. Plaintiff is informed and believes and based thereon alleges that since 1988, defendant LASD maintains a computer-based system called "County Warrant System" or "CWS." Since 1988, CWS is and has been the depository for all warrants issued by Los Angeles County courts, both unlimited and limited jurisdiction (and the Los Angeles Municipal Court before that court became a superior court).

20. When a Los Angeles court issues an order for an arrest warrant, the actual warrant exists in electronic form only. That is, the court does not issue, on paper, arrest warrants. Instead, taking the information from the court's order issuing the warrant, LA County personnel input the information into various law enforcement databases, the first

of which is CWS.

21. Plaintiff is informed and believes and based thereon alleges that CWS is designed to capture and make available to law enforcement agencies identification data on a warrant's subject, including but not limited to name, date of birth, ethnicity, height, weight, sex, eye and hair colors, and unique identifier numbers such as CII, FBI, LA Main, driver's license, and social security. Plaintiffs are informed and believe and based thereon allege that CWS is also designed to capture information showing that one or more individuals has been exonerated or cleared as being the warrant's intended subject, and that person can be identified by his unique biometric identifiers such as CII, FBI and LA Main numbers.

22. Plaintiff is informed and believes and based thereon alleges that whenever a government entity desires to determine if a detainee or arrestee is the subject of an outstanding warrant issued by a Los Angeles court, CWS is queried. Based upon information retrieved from CWS, the government entity will then determine if the person is or is not the warrant's subject. In the case of a Los Angeles County-based law enforcement agency that desires to determine if a person in its custody is the subject of a Los Angeles County warrant, the agency relies solely on CWS information. If the law enforcement agency is *not* a Los Angeles County agency, the agency contacts the Los Angeles County agency responsible for inputting into CWS the warrant and its descriptors. The Los Angeles County agency, which is usually though not always the LASD, then provides information it obtains from CWS to the outside agency. That agency then uses the information in determining if its detainee or arrestee is the subject of the Los Angeles County warrant. (Agencies outside of Los Angeles County are informed of possible warrants in CWS via a CDOJ system described in paragraphs 25-30, *infra*.)

23. Plaintiff is informed and believes and based thereon alleges that when a Los Angeles court issues a bench warrant, the information about the warrant and its subject is forwarded by LA County personnel to LASD and its Data Systems Bureau. That Bureau is responsible for entry of the warrant data into CWS. The Bureau can also easily and within seconds include additional identifying information about a warrant's subject, even if the information is acquired after a warrant's original issuance. The LASD can also easily and quickly update CWS, after a warrant's original issuance, to show that a particular person has been identified as *not* the warrant's subject.

24. Plaintiff is informed and believes and based thereon alleges that if a "hard copy" or paper record of the CWS warrant is needed, it is supplied via either a "warrant information sheet" (aka "WIS") or a "warrant abstract." The WIS contains CWS information regarding the warrant's subject, descriptors, bail amount, court issuing the warrant, and so on. The warrant abstract is generated upon an agency's booking of an arrestee on the warrant. Once the warrant abstract is generated, CWS classifies the warrant as having been executed. That is, thereafter CWS will *not* list the warrant as being outstanding.

**E. WPS (<u>W</u>anted <u>P</u>erson <u>S</u>ystem).**

25. Plaintiff is informed and believes and based thereon allege that since 1971, CDOJ has maintained *W*anted *P*ersons *S*ystem ("WPS"). WPS is a computer database containing records of arrest warrants issued by California courts. Its function is to alert California law enforcement agencies about possible arrest warrants issued from any California state court.

26. Plaintiff is informed and believes and based thereon allege that a California law enforcement agency uses WPS to locate warrants issued by a California court in a county outside the county in which the agency is based. That is, for warrants issued from a court

in a county other than Riverside, a Riverside County based law enforcement agency uses WPS.

27. Plaintiff is informed and believes and based thereon alleges that a law enforcement agency queries WPS "by using a subject's name and physical descriptors or by using numeric identifiers." Examples of numeric identifiers are social security number, driver's license number, FBI number and/or CII number.

28. Plaintiff is informed and believes and based thereon allege that the CDOJ has instructed and trained California law enforcement agencies that "[a] match made on a WPS record *does not*, by itself, *provide sufficient grounds to arrest a person*"; instead, the agency that is detaining a person based on information obtained via WPS that the person may be the subject of a warrant, must contact the agency responsible for entry of the warrant information into WPS (the "originating agency"), to confirm the existence of the warrant and its application to an arrestee. The originating agency, in turn, "must respond to a confirmation request within 10 minutes on a 24-hour basis."

29. Plaintiff is informed and believes and based thereon allege that the CDOJ instructs California law enforcement agencies that when an originating agency knows the warrant subject's unique numeric descriptors – driver's license number, social security number, FBI number, and/or CII number – the agency should input these identifiers into WPS. CDOJ so instructs, Plaintiff is informed, because inputting these identifiers will substantially reduce the likelihood that the wrong person will be detained or arrested on the warrant while inputting the data takes but a few seconds of additional keystrokes.

30. Plaintiff is informed and believes and based thereon allege that since two or more persons may share the same (or similar) names, birth dates and physical descriptors, CDOJ instructs California law enforcement agencies that when a hit is made in WPS, a positive identification of the arrestee with the warrant's subject "must be accomplished

00085919.WPD

through the exchange of fingerprint facsimiles and other descriptors during the confirmation discussions between the WPS record contributor [*i.e.,* originating agency] and the holding [*i.e.,* arresting] agency."

### F. Criminal Histories.

31. Plaintiff is informed and believed and based thereon allege that pursuant to California law, any person who has been charged with a felony crime and who was (a) booked on that felony charge *or* (b) appeared in court response to that charge, will have been fingerprinted. Furthermore, Plaintiff is informed and believes and based thereon alleges that pursuant to California law, the person's fingerprints will have been forwarded to CDOJ so that CDOJ can and will record, under the person's CII number matched to his fingerprints, the fact of the booking on that felony charge. In other words, the felony booking will be reflected on that person's CDOJ criminal history as verified by his fingerprints.

32. Plaintiff is informed and believes and based thereon alleges that law enforcement officials also know that if a person is arrested on a felony bench warrant issued by a California court, if the person is in fact the true subject of the felony warrant at a minimum there should be on the person's CDOJ criminal history the fact of an earlier booking on the felony charge. Consequently, if the CDOJ criminal history reflects *no* felony booking consistent with the felony bench warrant, law enforcement officials know or should know the absence of the prior felony booking is prima facie evidence that the warrant's subject must be someone else.

33. Plaintiff is also informed and believes and based thereon allege that the warrant subject's CDOJ criminal history ordinarily reflects the underlying prosecution that led to the warrant's issuance; if the history does not reflect such prosecution, it is highly likely that the arrestee is *not* the person the warrant seeks.

00085919.WPD

## V.      CLASS ACTION ALLEGATIONS.

34. Plaintiff brings this action on his own behalf, and on behalf of the class of all other persons similarly situated, pursuant to Rule 23, Federal Rules of Civil Procedure.

35. There is a "Particularity Class" under F.R.Cv.Proc. 23(b)(3), defined as follows:

A. Booked into an LASD jail at any time on or after November 26, 2010, through the present, based on one or more Los Angeles court bench warrants entered in CWS; *and*

B. Was released because it was determined that the person was not the subject of the CWS warrant(s); *and*

C. The CWS warrant information did not include the warrant subject's CII number even though at the time of creation of the CWS warrant entry, LA County personnel had actual knowledge of the warrant subject's CII number.

36. There is a "Wrongful Incarceration Class" under F.R.Cv.Proc. 23(b)(3), defined as follows:

A. Booked into an LASD jail at any time on or after November 26, 2010, through the present, based on one or more Los Angeles court bench warrants entered in CWS; *and*

B. Was released because it was determined that the person was not the subject of the CWS warrant(s); *and*

C. LASD personnel had actual knowledge that the warrant subject's CII number did not match to the CII number of the person booked on the warrant *or* LASD personnel had actual knowledge that the warrant subject's LA Main number did not match to the LA Main number of the person booked on the warrant

37. Plaintiff is informed and believes and based thereon alleges that member

identities of both Classes are readily ascertainable from computer records kept by LA County and LASD defendants. These computer records identify as "wrong defendants" persons who were released from custody because it was determined that they were not the subject of warrants on which they were incarcerated. LA County and LASD records will also establish, Plaintiff is informed, these defendants actual knowledge of the warrant subject's CII number and the class members' CII numbers, as well as other fingerprint-matched identifiers.

38. Plaintiff is informed and believes and based thereon alleges that each class defined herein numbers in the hundreds if not thousands. Plaintiff is informed and believes and based thereon alleges that nearly two persons are released each day from LASD custody because it is determined that they were being wrongly incarcerated on warrants meant for other persons.

39. There are common questions of law and fact that predominate over the questions affecting only individual class members. Those common questions include:

A. Whether defendants must include on a warrant, when it is actually known, the warrant subject's unique fingerprint-based identifiers that describe him or her to the exclusion of all other persons?;

B. Whether the constitutional requirement that a warrant must "particularly describe[e] . . . the person[] . . . to be seized" (U.S. Const., Amend. IV; *United States v. Spilotro*, 800 F.2d 959, 963 (9th Cir. 1986)) applies to warrants inputted by LA County and/or LASD into CWS and WPS?

C. Whether defendants are charged with the knowledge of their own records which indicate, via gross and irreconcilable discrepancies, that a warrant arrestee's unique, fingerprint-based identifiers do not match those of the subject described on the warrant?

00085919.WPD

D. Whether probable cause exists to believe that an arrestee is the subject of a warrant when defendants know or should know that the warrant arrestee's unique fingerprint-based identifiers do not match those of the warrant's subject?

E. Whether the governing legal standard for the incarceration on a warrant is the Fourth Amendment in the absence of a judicial determination that the arrestee is the subject of the warrant, see *West v. Cabell*, 153 U.S. 78, 87 (1894)?

F. Whether defendants , in a state with a population of over 36 million with many thousands sharing the same or similar names, birthdates, physical descriptors, must train their personnel to (1) include on warrants the subject's unique, fingerprint-based descriptors when known or reasonably ascertainable, (2) compare an arrestee's fingerprint-based descriptors with those of the warrant's subject, and (3) review other routinely generated and readily available official law enforcement records (e.g., criminal histories aka "rap sheets") which will rule in or rule out the arrestee's status as the warrant's subject?

40. In accordance with F.R.Cv.Proc. 23(b)(1)(A), prosecutions of separate actions by individual members of each class would create a risk that inconsistent or varying adjudications with respect to individual members of the class would establish incompatible standards of conduct for the parties opposing the class.

41. In accordance with F.R.Cv.Proc. 23(b)(1)(B), prosecutions of separate actions by individual members of each class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, substantially impair or impede the interests of the other members of the class to protect their interests.

42. Plaintiff's claims are based upon the same legal theories as the claims of the class members he represents. Moreover, Plaintiff suffered actual damages as a result of being wrongly arrested on a warrant meant for another The actual damages suffered by

this representative plaintiff – wrongful incarceration – are similar in type and amount to the actual damages suffered by each member of each class.

43. As against Plaintiff's claims, defendants justify their actions on grounds generally applicable to Plaintiff and all members of both proposed classes, to wit: defendants are not obligated to record warrant subjects' unique fingerprint-based identifiers on CWS warrants, or input such information into law enforcement databases tracking those warrants; defendants are not obligated to record, in association with a CWS warrant, official information exonerating the arrestee as the subject of the warrant; law enforcement personnel need not consider and may ignore non-matching fingerprint-based identifiers once they learn that an arrestee's name and/or birth date and/or physical descriptors match or are similar to those listed for the warrant's subject; defendants are not held to a Fourth Amendment standard in determining if an arrestee is the warrant's subject, but instead are judged under a harder-to-satisfy (for plaintiffs) due process standard, see *Baker v. McCollan*, 443 U.S. 137 (1979); defendants have absolute and/or qualified immunity under various provisions of federal and/or state law.

## VI.   FACTS RE PLAINTIFF'S ARREST/INCARCERATION.

44. On November 18, 1994, in *People v. Mario Loya Garcia*, LA Superior Court No. BA096224-01, the court issued a no-bail felony bench warrant for the arrest of one Mario Loya Garcia ("suspect Garcia") who is *not* the Plaintiff. The warrant charged violations of Cal. Health & Safety Code § 11351 (possession for sale) and Cal. Penal Code § 1203.2 (violation of probation). Per the procedure described above, LA County personnel created a bench warrant record in CWS. LA County personnel also created an entry in WPS alerting agencies outside of Los Angeles County to the existence of the suspect Garcia warrant.

45. Plaintiff is informed and believes and based thereon allege that at the time of

the creation of the suspect Garcia warrant, LA County personnel had actual knowledge of suspect Garcia's CII and LA Main numbers, and that his name was "Mario *Loya* Garcia." But in creating the CWS warrant for suspect Garcia and in creating the WPS entry for the warrant, LA County personnel did *not* input into either data systems, the suspect's full name or either of his known LA Main and CII numbers. Instead, LA County personnel described suspect Garcia as only "Mario Garcia," along with the non-unique descriptors of his 1962 birth date (including the month and day), 5'1" / 130lb male Hispanic. See **Exhibit A**, true copy of the CWS warrant abstract for suspect Garcia's warrant (no. LABA096224-01).[1]

46. Early Monday morning, November 26, 2012, a City of Banning police officer stopped Plaintiff as he was driving his truck. The officer arrested Plaintiff for driving under the influence. Plaintiff was booked into the Banning police department jail on misdemeanor charges of violating Cal. Veh. Code § 23152(a) & (b).

47. That same morning, Banning officials transported Plaintiff to the RCSD jail. Had Plaintiff been booked into the RCSD jail on only the Cal. Veh. Code § 21352 charges, Plaintiff is informed and believes and based thereon he would have been released that day, pursuant to RCSD procedure and state law. However, during the course of booking Plaintiff into the RCSD jail, Plaintiff is informed and believes and based thereon allege RCSD personnel queried WPS and were alerted to the no-bail felony bench warrant for suspect Garcia. Thereafter, Plaintiff is informed and believes and based thereon alleges that RCSD personnel contacted LASD personnel who provided the following descriptors for the warrant's subject:

---

[1] For confidentiality reasons, the month and day of the suspect's 1962 birth date is redacted. However, the month, day and year of suspect Garcia's birth date matches Plaintiff's 1962 birth date.

Warrant Type: Felony Bench;

Warrant Charge: Cal. Health & Safety Code § 11351 (possession for sale) & Cal. Penal Code § 1203.2 (Probation violation);

Warrant Subject's Name (first and last only): Maria Garcia;

Subject's Birth date: 1962 (same month and day as Plaintiff's);

Subject's Height/Weight: 5'1" / 130 lbs.;

48. Even though LASD personnel had actual knowledge of suspect Garcia's fingerprint-matched identifiers LA Main and CII numbers and suspect Garcia's full name, LASD personnel did *not* forward that information to RCSD personnel.

49. Notwithstanding CDOJ instructions described in paragraphs 28-30 above, Plaintiff is informed and believes and based thereon allege that in the discussions between personnel of RCSD and LASD regarding the suspect Garcia warrant, there was no positive identification of Plaintiff as the warrant's subject, nor was an identification made through the exchange of fingerprint facsimiles and other descriptors.

50. Upon RCSD personnel informing Plaintiff he would be booked on the no-bail felony warrant, Plaintiff complained repeatedly that the warrant was not his, that he had been detained before on this warrant, that the warrant was for a different person. Per RCSD custom and practice the personnel ignored Plaintiff's complaints and booked him into the RCSD jail on the no-bail felony warrant for suspect Garcia.

51. RCSD personnel knew or should have known that Plaintiff was not and could not be the subject of the no-bail felony warrant because:

A. Plaintiff is 5'10" and weighed 170 lbs., whereas suspect Garcia is *nine* inches shorter (5'1") and *forty* pounds lighter (130 lbs);

B. From the warrant information recorded in CWS, RCSD personnel knew that the criminal history for suspect Garcia includes both a felony booking *and*

-16-

felony conviction. RCSD would know this because the warrant included a probation violation charge (Cal. Penal Code § 1203.2), thus establishing that the warrant's subject had been *convicted* of the warrant's felony charge (you cannot be on probation unless you have been convicted).  It would have taken RCSD personnel but *seconds* to generate Plaintiff's criminal history using his CII number A24141315 that RCSD personnel knew was Plaintiff's CII number.  Had RCSD personnel generated Plaintiff's criminal history matched to his fingerprints, that history would have reflected Plaintiff had *never* been booked on a felony, let alone convicted of a felony. The history would also show that Plaintiff's only arrest/conviction history was a March-April 2009 arrest and conviction in Los Angeles County for misdemeanor DUI (Cal. Veh. Code § 23152(a) & (b)). In short, Plaintiff's fingerprint-verified criminal history establishes he was not and could not be the subject of the suspect Garcia no-bail felony  warrant.

52. Plaintiff is informed and based thereon allege that RCSD personnel booked Mr. Garcia on the felony no-bail warrant because it is the custom and practice of Riverside County and RCSD to ignore prisoner's complaints they are not the subject of outstanding warrants. Plaintiff is further informed and based thereon allege it is the custom or practice of RCSD personnel not to generate criminal histories or use criminal histories to exonerate persons of warrants meant for others even though it is common knowledge within law enforcement that criminal histories matched to fingerprints can easily rule-in or rule-out a detainee as the intended subject of a warrant.

53. On November 27, 2012, LASD personnel took custody of Plaintiff and booked him into the LA County jail based solely on Plaintiff supposedly being the subject of suspect Garcia's no-bail felony warrant. At the time of booking Plaintiff into the LA County jail, Plaintiff complained repeatedly to LASD personnel that he was not the

-17-

subject of the suspect Garcia warrant. Per long-standing LASD custom and practice, LASD personnel ignored his complaints.

54. LASD personnel should have known that Plaintiff was not and could not be the subject of the suspect Garcia's warrant:

A. LASD personnel knew that Plaintiff's name is Mario *Alberto* Garcia whereas LASD personnel knew that the name of suspect Garcia was Mario *Loya* Garcia;

B. LASD personnel knew that Plaintiff is 5'10" and weighed 170 lbs., whereas suspect Garcia is 5'1" and 130 lbs.;

C. LASD personnel knew that Plaintiff's fingerprint-matched CII and LA Main numbers did *not* match to the CII and LA Main numbers for suspect Garcia, thus constituting prima facie proof that Plaintiff's fingerprints did not match to the suspect Garcia's fingerprints.

55. Additionally, LASD should have known, just as RCSD personnel should have known, that Plaintiff's criminal history matched to his fingerprints excluded him as the subject of the suspect Garcia warrant.

56. Plaintiff is informed and believes and based thereon alleges that LASD personnel booked Plaintiff on the suspect Garcia warrant despite the evidence, both known and readily available, establishing Plaintiff was *not* the warrant's subject, because it is the long-standing LASD practice to regularly ignore prisoners' complaints they are being held on warrants meant for another, and instead to accept an outside agency's determination that an arrestee is the warrant's subject even though LASD personnel know or should know that the arrestee cannot be the warrant's intended subject.

57. Plaintiff is informed and based thereon alleges that while LASD claims it does not routinely ignore a prisoner's complaint that he is being incarcerated based on another

person's warrant, in fact LASD personnel routinely ignore that fact which LASD's own records confirm:

A. Plaintiff is informed and based thereon alleges that numerous individuals have testified they complained to LASD personnel that they were being imprisoned on someone else's warrant but that LASD personnel ignored their complaints.

B. Plaintiff is informed and based thereon alleges that in the last five years, LASD records show that as many as 2,000 prisoners were, in fact, wrongly jailed on warrants meant for others. The LASD has claimed that more than 99% of these wrongly imprisoned persons *never* complained to LASD personnel they were being wrongly incarcerated on another person's warrant. Plaintiff submits that because it is reasonable to assume that a person who sincerely believes he is being incarcerated on another person's warrant is likely to make that complaint to his jailer, the LASD claim that more than 99% of the prisoners wrongly incarcerated never so complained is patently false.

58. Plaintiff is informed and based thereon alleges that for years defendant Baca was aware that the LASD was routinely imprisoning innocent people on warrants describing different persons yet Baca took no steps to remedy the situation. Plaintiff is further informed and believes and based thereon alleges that it was not until the *Los Angeles Times* published in December 2011 the number of persons wrongly incarcerated in the LA County jail did Baca bother to take notice of the problem. Plaintiff is further informed and based thereon alleges that the task force Baca directed to address the problem, ignored the primary cause of the wrongful incarcerations to wit, the refusal of LASD personnel to make use of the readily available and reliable official law enforcement identifiers and other information described above.

///

-19-

**FIRST CAUSE OF ACTION**

**(42 U.S.C. § 1983 – Damages – Fourth Amendment Particularity)**

(Plaintiff, individually and as class representative,

against defendants LASD, LA County, Baca and Does)

59. Plaintiff restates and incorporates by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

60. Plaintiff brings this cause of action on his own behalf and in his representative capacity for the Particularity Class.

61. The conduct complained occurred because of policies, practices and customs of LA County and LASD, approved and/or ratified by Baca, by which Plaintiff means these defendants do not require that even though actually known to LA County personnel, CII numbers and other unique identifiers are not inputted into WPS and CWS. Had the unique fingerprint-matched identifiers CII and LA Main numbers of which defendants' personnel had knowledge been inputted into CWS and WPS, Plaintiff and the members of the Particularity Class would not have been booked and incarcerated in the LA County jail.

62. The imprisonments of Plaintiff and class members on warrants meant for others were proximately caused by the violation of the particularity clause of the Fourth Amendment, thereby entitling Plaintiff and the Particularity Class members to recover compensatory damages for their respective wrongful imprisonments.

63. Defendants LA County, LASD and Baca are liable because the wrongful acts were pursuant to policies, practices and/or customs described above, approved and/or ratified by Baca.

///

///

**SECOND CAUSE OF ACTION**

**(42 U.S.C. § 1983 – Wrongful Incarceration/Fourth Amendment)**

(Plaintiff, individually and as class representative,

against defendants LASD, LA County, Baca and Does)

64. Plaintiff restates and incorporates by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

65. Plaintiff brings this cause of action on his own behalf and in his representative capacity for the Wrongful Incarceration Class.

66. The imprisonments of Plaintiff and Wrongful Incarceration Class members on warrants meant for others, violated their Fourth Amendment rights in that as alleged above, official and reliable law enforcement information, including reliable fingerprint-matched identifiers and other information to which had or which they had easy access with virtually no appreciable effort or cost, excluded Plaintiff and class members as the subjects of the warrants on which they were incarcerated. Therefore, Plaintiff and the class he represents, are entitled to recover damages for the wrongful imprisonments.

67. Defendants LA County, LASD and Baca are liable because the wrongful acts were pursuant to policies, practices and/or customs described above, approved and/or ratified by Baca.

**THIRD CAUSE OF ACTION**

**(42 U.S.C. § 1983 – Wrongful Incarceration/Fourteenth Amendment)**

(Plaintiff, individually and as class representative,

against defendants LASD, LA County, Baca and Does)

68. Plaintiff restates and incorporates by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

69. Plaintiff brings this cause of action on his own behalf and in his representative

-21-

00085919.WPD

capacity for the Wrongful Incarceration Class.

70. The imprisonments of Plaintiff and Wrongful Incarceration Class members on warrants meant for others, violated their Fourteenth Amendment rights in that as alleged above, official and reliable law enforcement information, including reliable fingerprint-matched identifiers and other information to which had or which they had easy access with virtually no appreciable effort or cost, excluded Plaintiff and class members as the subjects of the warrants on which they were incarcerated. Therefore, Plaintiff and the class he represents are entitled to recover damages for the wrongful imprisonments.

71. Defendants LA County, LASD and Baca are liable because the wrongful acts were pursuant to policies, practices and/or customs described above, approved and/or ratified by Baca.

## FOURTH CAUSE OF ACTION

### (Cal. Const., Art. I § 13 – Wrongful Incarceration)

(Plaintiff, individually and as class representative,

against defendants LASD and LA County)

72. Plaintiff restates and incorporates by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

73. Plaintiff brings this cause of action on his own behalf and in his representative capacity for the Particularity and Wrongful Incarceration Classes.

74. The imprisonments of Plaintiff and the class members on warrants meant for others, violated their rights protected under Art. I § 13 of the California constitution, in that as alleged above, official and reliable law enforcement information, including reliable fingerprint-matched identifiers and other information to which had or which they had easy access with virtually no appreciable effort or cost, excluded Plaintiff and class members as the subjects of the warrants on which they were incarcerated. Therefore,

-22-

1  Plaintiff and the class he represents are entitled to recover damages for the wrongful

2  imprisonments.

3      75. Defendants LA County and LASD are liable for the wrongful acts under Cal.

4  Gov't Code § 815.2(a).

## FIFTH CAUSE OF ACTION

### (False Imprisonment)

(Plaintiff, individually and as class representative,

against defendants LA County and LASD)

76. Plaintiff restates and incorporates by reference the foregoing paragraphs as if

each paragraph was fully set forth herein.

77. Plaintiff brings this cause of action on his own behalf and in his representative

capacity for the Particularity and Wrongful Incarceration Classes.

78. The wrongful imprisonments of Plaintiff and the Classes on warrants meant for

another, constituted false imprisonment, thereby entitling Plaintiff and the Class members

to recover compensatory damages for their wrongful imprisonments. *Sullivan v. County*

*of Los Angeles*, 12 Cal.3d 710 (1974).

## SIXTH CAUSE OF ACTION

### (42 U.S.C. § 1983 – Wrongful Incarceration)

(Plaintiff against defendants Riverside County, RCSD and Does)

79. Plaintiff restates and incorporates by reference the foregoing paragraphs as if

each paragraph was fully set forth herein.

80. The booking and incarceration of Plaintiff in the Riverside County jail on the

suspect Garcia's no-bail felony warrant, violated Plaintiff's Fourth and Fourteenth

Amendment rights in that as alleged above, official and reliable law enforcement

information, including reliable fingerprint-matched identifiers and other information to

which defendants Riverside County, RCSD and Does had or which they had easy access with virtually no appreciable effort or cost, excluded Plaintiff as the subjects of the suspect Garcia warrant. Therefore, Plaintiff is entitled to recover damages for his wrongful imprisonment by these defendants, including the imprisonment in the LA County jail since it was proximately caused by wrongful errors and omissions by personnel of the RCSD.

81. Defendants Riverside County and RCSD are liable because the wrongful acts and omissions were pursuant to policies, practices and/or customs described above, approved and/or ratified by a Riverside County or RCSD policy maker.

**SEVENTH CAUSE OF ACTION**

**(Cal. Const., Art. I § 13 – Wrongful Incarceration)**

(Plaintiff as against defendants Riverside County and RCSD)

82. Plaintiff restates and incorporates by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

83. The booking and imprisonment of Plaintiff in the Riverside County jail on the suspect Garcia no-bail felony warrant violated Plaintiff's rights protected under Art. I § 13 of the California constitution, in that as alleged above, official and reliable law enforcement information, including reliable fingerprint-matched identifiers and other information to which had or which they had easy access with virtually no appreciable effort or cost, excluded Plaintiff as the subject of the warrant. Therefore, Plaintiff is entitled to recover damages from defendants Riverside County and RCSD for the wrongful imprisonment, including compensation for the time incarcerated in the LA County jail since that incarceration was proximately caused by the booking on the felony warrant in the Riverside County jail.

84. Defendants Riverside County and RCSD are liable for the wrongful acts under

-24-

Cal. Gov't Code § 815.2(a).

## EIGHTH CAUSE OF ACTION

### (False Imprisonment)

(Plaintiff, individually and as class representative,

against defendants Riverside County and RCSD)

85. Plaintiff restates and incorporates by reference the foregoing paragraphs as if each paragraph was fully set forth herein.

86. The wrongful imprisonment of Plaintiff on the suspect Garcia no-bail felony warrant, constituted false imprisonment, thereby entitling Plaintiff to recover compensatory damages from defendants Riverside County and RCSD for the wrongful imprisonments in both the LA County and Riverside County jails. *Sullivan v. County of Los Angeles*, 12 Cal.3d 710 (1974).

## PRAYER

WHEREFORE, Plaintiff prays judgment as follows:

**On the First through Fifth Causes of Action:**

87. That the Court certify these claims pursuant to F. R. Civ. P. 23(b)(3) as a class action on behalf of a class of Plaintiffs composed of all persons described in paragraphs 35-36, *supra*;

88. That Plaintiff and members of the Classes be awarded compensatory damages according to proof for their wrongful incarcerations;

89. Attorneys' fees under 42 U.S.C. § 1988, Cal. Civ. Proc. Code § 1021.5, and California's private attorney general doctrine;

**On the Sixth through Eighth Causes of Action:**

90. That Plaintiff recover compensatory damages against defendants Riverside County and Riverside SD;

00085919.WPD

91. Attorneys' fees under 42 U.S.C. § 1988, Cal. Civ. Proc. Code § 1021.5, and California's private attorney general doctrine;

**On All Causes of Action:**

92. Costs of suit; and

93. Such other relief as the Court deems proper.

DATED: April 4, 2013

**ROBERT MANN**
**DONALD W. COOK**
Attorneys for Plaintiff

By_____
Donald W. Cook

-26-

1

**DEMAND FOR JURY TRIAL**

2

Plaintiff, on behalf of himself individually and on behalf of the class he represents,

3

a jury trial.

4

DATED: April 4, 2013

5

6

**ROBERT MANN**
**DONALD W. COOK**
Attorneys for Plaintiff

7

8

By_____

9

Donald W. Cook

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-27-

```
Tiburon, Inc.                MESSAGE FROM CLETS               11/26/12
                     RIVERSIDE COUNTY SHERIFF'S DEPT.           10:14
**********************************************************************
1WRL0U12V.RJF0.RJF0.
MSG: 001
******************CWS WARRANT-ABSTRACT************************
* BOOKING AGENCY:  CA0330050                      10:15 - 11/26/12 *
* BOOKING DATE: 11/26/12        BOOKING NUMBER: 201251742          *
* LASD REPOSITORY OR THE COURT HOLDS:                              *
* SURNAME GARCIA        FIRST MARIO       MIDDLE        SUFFIX      *
* RES. ADDR:  TRANSIENT                                            *
* DESCRIPTION  M H  D.O.B.     '62 501 130 BLK BRO                 *
* FELONY           BENCH     WARRANT                               *
* WARRANT NUMBER LABA09622401                                      *
* BAIL        $0.00                                                *
* VIOLATION 11351/HS            1203.2/PC                          *
*                                                                  *
* DATE ISSUED 11/18/94 FILG AGY FUGITIVE       PHONE ( 562 ) 3454457 *
* COURT FOLTZ CRIM JST CTR   DEPT 116                              *
* JUDGE REID JOHN H                                                *
*                                                                  *
* OFFICER HAZARDS                                                  *
* MISC DESCRIPTORS                                                 *
* OLN           CII  00000000 SSN        VLN      MAIN 00000000    *
* ORIGINATING AGENCY REPORT NO:                                    *
* BAIL STATUS NO BAIL                                              *
*          THIS ABSTRACT IS SUFFICIENT FOR BOOKING PURPOSES        *
*                                                                  *
* IF ASSISTANCE NEEDED CALL LASD WARR/REPOSITORY 562-345-4457. NOTIFY LASD/ *
* TRANSPORTATION BY CLETS MSG C1P0 WHEN SUSPECT READY FOR PICK UP   *
```



**Warrant Abstract**            **-28-**            **EXHIBIT A**

**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

MARIO ALBERTO GARCIA, individually and as class representative

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

COUNTY OF RIVERSIDE; RIVERSIDE SHERIFF'S DEPARTMENT; COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; LEE BACA, in both his personal and individual capacity; and DOES 1 through 10, both their personal and official capacities

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Robert Mann
Donald W. Cook
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010; (213) 252-9444

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No  ☐ **MONEY DEMANDED IN COMPLAINT:** $ According to damages

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. § 1983. Violations of civil rights, false imprisonment and declaratory and injunctive relief.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☒ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY:  Case Number:

EDCV13-0616

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNIT   STATES DISTRICT COURT, CENTRAL   STRICT OF CALIFORNIA

### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County + LA Co. | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County & LA County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County & LA County | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):**                DATE: 4/5/13

*Notice to Counsel/Parties:* The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jesus Bernal and the assigned discovery Magistrate Judge is Sheri Pym.

The case number on all documents filed with the Court should read as follows:

## EDCV13- 616 JGB (SPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[_] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[_] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[✓] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

FOR OFFICE USE ONLY

MARIO ALBERTO GARCIA, individually and as class representative,

)
)
)
)
)

—————————————————
*Plaintiff(s)*

v.

COUNTY OF RIVERSIDE; RIVERSIDE SHERIFF'S DEPT.; COUNTY OF LOS ANGELES; LOS ANGELES CO. SHERIFF'S DEPT.; LEE BACA, in both his personal and individual capacities and

DOES 1 through 10, both their Personal and official capacities,

)
)
)
)
)
)
)
)
)
)

**EDCV13-0616** JGB (SPx)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Robert Mann
Donald W. Cook
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____ APR - 5 2013          JULIE PRADO



*Signature of Clerk or Deputy Clerk*

FOR OFFICE USE ONLY

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

    ❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

    ❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

    ❏ I returned the summons unexecuted because _____ ; or

    ❏ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.


Date: _____

                                         _____
                                                *Server's signature*

                                         _____
                                           *Printed name and title*

                                         _____
                                           *Server's address*

Additional information regarding attempted service, etc: