# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO ALBERTO GARCIA, individually and as class representative,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF RIVERSIDE, et al.,<br><br>Defendants. | Case No. EDCV13-0616 JGB (SPx)<br><br>DISCOVERY MATTER<br><br>**PROTECTIVE ORDER RE DISCOVERY PRODUCED BY DEFENDANT COUNTY OF LOS ANGELES**<br><br>DCO: 8/18/17<br>PTC: 11/6/17<br>Trial: 12/5/17 |

Pursuant to the parties' Stipulation for Protective Order re: Discovery produced by Defendant County of Los Angeles, and the good cause appearing therein, the Court orders as follows:

The following items should be produced subject to the terms of this Protective Order:

1. AJIS DATA for prisoners released from the custody of the Los Angeles County Sheriff's Department at any time from January 1, 2007 through December 31, 2011, and January 1, 2014 through December 31, 2016, where the prisoner's release code was "WDEF." AJIS DATA herein is defined as prisoner's name (first and last), booking

number, last known residential address, last known telephone number, last known business address, incarceration date, release date, LA main number. (R4P 22)

2. The Disputed Warrant Log Book(s) for 2003, 2004, 2005, 2006, 2007, 2008, 2009, 2010, 2011 and 2014 - 2016. (R4P 24)

3. The Los Angeles County Consolidated Criminal History for Mario Loya Garcia, DOB 2/28/1962. (R4P 27)

4. The Los Angeles County Consolidated Criminal History under CII# A10762503. (R4P 28)

5. The criminal history for Mario Loya Garcia, DOB 2/28/1962, as maintained by the California Department of Justice. (R4P 31)

6. The criminal history under CII# A10762503, as maintained by the California Department of Justice. (R4P 32)

7. The booking jacket for every prisoner released from the Los Angeles County jail at any time from January 1, 2014 through December 31, 2016, where the prisoner's release code was WDEF. (R4P 37)

8. Any and all WRITINGS created by LASD personnel at any time from January 1, 2008, through the present, generated in response to a complaint that a person was being held in the Los Angeles County jail on a warrant meant for another person and where the WRITINGS were originally created while the complainant was incarcerated in the Los Angeles County jail. (R4P 38). Pursuant to County's statement that writings in the log books and the prisoners' booking jackets are the only such writings responsive to this request for the time period of January 1, 2014 through December 21, 2016, Plaintiff agrees to accept the log books and booking jackets described herein as responsive to this request.

9. Any and all WRITINGS created by LASD personnel or LA County personnel at any time from December 2011, through the present, generated in response to an LASD task force created to minimize the risk of wrongful jailing of people mistaken for someone else. (R4P 39). Pursuant to County's statement, plaintiff agrees to accept the 5 emails and 4 email chains which defendants are producing pursuant to this request, in addition to the Privilege Log describing 4 additional email chains (which may or may not be pursued at a later date).

10. Any and all WRITINGS by the task force created by Sheriff Lee Baca to minimize the risk of wrongful jailing of people mistaken for someone else. (R4P 40). Pursuant to County's statement, plaintiff agrees to accept the 5 emails and 4 email chains which defendants are producing pursuant to this request, in addition to the Privilege Log describing 4 additional email chains (which may or may not be pursued at a later date).

With the exception of the booking jackets (R4P 37), defendant County of Los Angeles shall have three weeks to produce to Plaintiff the above-listed items from the date this Protective Order is entered.

Defendant County of Los Angeles shall have a maximum of 12 weeks to produce to Plaintiff the booking jackets, and County shall produce those to Plaintiff as quickly as possible, and in batches (about 50 jackets per batch), so that Plaintiff will periodically receive booking jackets throughout that time, without having to wait until they are all ready for production.

The Court hereby authorizes the County of Los Angeles to produce the criminal history information set forth above, pursuant to California Penal Code §§11105(h), 11140(b), 13300(I) and 13301(b).

The use and dissemination of the items listed in this Protective Order shall be limited to the prosecution and/or defense of claims in this lawsuit; shall not be disclosed to persons other than the parties' counsel and their staffs, and consultants or experts retained by the parties in connection to this lawsuit. It is the responsibility of counsel for the parties to inform all persons who receive the documents of the contents of this order and its restrictions. If any of the documents are filed with the Court, the filing party must comply with L.R. 79-5 and file an application pursuant to L.R. 79-5.1 to file the papers – or the confidential portion thereof – under seal. All documents produced pursuant to this order, and any copies made of them, shall be returned to counsel for the County of Los Angeles at the conclusion of the litigation (entry of final judgment, appellate decision, or dismissal pursuant to a stipulation by the parties). If copies of the documents have counsel's notes on them they may be destroyed, and a certification of destruction, signed by Plaintiff's counsel under penalty of perjury, may be provided to counsel for the County of Los Angeles and filed with the Court within 45 days of the conclusion of the litigation in lieu of returning the documents.

As to all state and local criminal history data and information, the parties may not, and shall not, pursue any remedies under California or federal law against the County or its attorneys arising from the production of this information.

Should any person whose identity is revealed by the documents/AJIS data ordered produced, inform the party's counsel or investigator that the person desires no contact by that party's counsel or investigator, counsel (including his employees or investigator) shall cease all further contacts with that person.

FURTHERMORE, Plaintiff and defendants County of Los Angeles and the Los Angeles County Sheriff's Department hereby make the following stipulations, which this

1  Court approves:

2      1) Because plaintiff's counsel is already in possession of previously produced AJIS Data and Disputed Warrant Log Books, which defendants agree to produce through this Stipulation, defendants need not provide copies again to plaintiff. This is upon defendants' further agreement that the Disputed Warrant Log books provided to plaintiff's counsel in *Reyes v. City of Glendale*, CV 05-00253 CAS(MANx), *Clemmons v. City of Long Beach*, CV 05-5525 AHM(SHx), *Alvarado v. Bratton*, CV06-7812 PA (RCx), *Reed v. Baca*, CV 10-5766 JHN(JCx) and *Smith v. County of Los Angeles*, CV 11-10666 DDP(PJWx)], are all such log books for this time period (1/1/03 through 12/31/2011) that defendants maintained regardless of the particular jail facility where a prisoner made his complaint of wrongful confinement.

DATED: February 23, 2017   _____
                                                    Honorable Sheri Pym
                                                    U.S. Magistrate Judge